**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

VIRGINIA MARTINEZ-CHAVEZ,

        Plaintiff,

v.                                                                    No. 18-cv-0147 SCY/SMV

WAL-MART STORES EAST, L.P.,

        Defendants.

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

        To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, the parties hereby stipulate and agree as follows:

        Good Cause Exists for Entry of the Order: Documents sought by Plaintiff in the course of discovery in this case contain business policies, procedures and trainings that Defendant Wal-Mart considers non-public, proprietary and/or confidential. For these reasons, Wal-Mart seeks to limit the use and dissemination of the documents outside this litigation according to the following terms.

        1.        **Non-Disclosure for Stamped Confidential Documents.** Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this order, no stamped confidential document may be disclosed to any person. A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" to signify that it

contains information believed to be subject to protection under the New Mexico Rules of Civil Procedure. For purposes of this Order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

2. **Permissible Disclosures.** The following restrictions and procedures shall apply to any Confidential Material:

    a. Confidential Material produced in this litigation and all information contained in or derived from such Confidential Material shall not be used by any person for business or competitive purposes or for any purpose other than solely for the preparation and trial of this action, and appeals therefrom.

    b. Access to Confidential Material produced in this litigation shall be limited to the Qualified Persons listed below, who require access to such Confidential Material to perform their duties in this action.

        (1) The judge assigned to this case, personnel of the Court, court reporters, video equipment operators at deposition, any special master appointed by the Court, any judge with jurisdiction over this proceeding or any appeal hereof, and any authorized personnel of such appellate court;

        (2) Attorneys for Litigants, including in-house counsel, and their paralegals and support staff;

(3) The Litigants, employees of Litigants that are corporations, partners, or other entities, or employees of other entities retained by Litigants, or the parent or legal guardian of Litigants, who are responsible for assisting counsel in the conduct of this action;

(4) Employees of other entities retained by the Litigants, who are responsible for assisting counsel in the conduct of this action;

(5) Experts or consultants and their staff who are employed or retained to assist counsel in this action or designated as trial witnesses;

(6) Deponents, their counsel, videographers and court reporters during the course of depositions taken in this action;

(7) Trial witnesses;

(8) Third-party mediators (including staff) selected by the parties, and if necessary, approved by the Court in this case; and

(9) Such other persons hereafter designated by written stipulation of the parties filed with the Clerk of the Court or by further Order of the Court.

3. **Declassification.** A party (or aggrieved entity permitted by the court to intervene for such purpose) may apply to the court for a ruling that a document (or category of documents) stamped as confidential is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond.

4. **Use of Confidential Information in Depositions.**

a. A deponent or witness may during the deposition or trial be shown, and examined about, stamped confidential documents. Deponents and witnesses shall not

retain exhibits or copy portions of the transcript that contain confidential information which was not provided by them or the entities they represent

  b. Parties (and deponents) may, within 15 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "Confidential." Until expiration of the 15-day period, the entire deposition will be treated as subject to protection against disclosure under this order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

  c. A confidential exhibit used in deposition retains its confidentiality and any testimony concerning or related to such exhibit shall automatically be considered confidential information, unless otherwise agreed to by the parties.

5. **Confidential Information at Trial.** Subject to the New Mexico Rules of Evidence, a stamped confidential document and other confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for the party or other person that designated the information as confidential. Any party may move the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

6. **Subpoena by Other Courts or Agencies.** If another court or an administrative

agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

7. **Filing.** The parties acknowledge that this Order does not entitle them to seal all confidential information filed with the Court. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential, (2) where appropriate (e.g., in relation to discovery and and evidentiary motions), submitting the document solely for in camera review; or, (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as confidential under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as confidential ("the designating party"). If the party filing the document containing confidential information is the designating party, the motion for leave to file under seal should include a declaration identifying the confidential document.

8. **Client Consultation.** Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the provisions herein.

9. **Prohibited Copying.** If a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited." Application for relief from this restriction against copying may be made to the court, with notice to counsel so designating the document.

10. **Use.** Persons obtaining access to stamped confidential documents or other confidential information under this order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purposes, including business, governmental, commercial, or administrative or judicial proceedings.

11. **Non-Termination.** The provisions of this order shall not terminate at the conclusion of these actions. Within 120 days after final conclusion of all aspects of this litigation and upon written request of the producing party, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or persons which produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed.

12. **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in court under seal.

13. **Inadvertent Disclosures.** The inadvertent or unintentional disclosure of any confidential information by the designating party shall not be construed to be a waiver, in whole or in part, of that party's claim of confidentiality, either as to the specific confidential information disclosed or as to any other related information.

14.     **Effective Date and Retroactive Application.**  The provisions of this order shall apply from the date this order is entered to any and all documents produced in this case and to any and all information produced or disclosed, whether produced or disclosed before or after the entry of this order.  Documents produced before the entry date of this order, or documents produced but not stamped as confidential, may retroactively be stamped as confidential and shall not be construed to be a waiver, in whole or in part, of that party's claims of confidentiality.

_____
STEPHAN M. VIDMAR
United States Magistrate Judge

**AGREED**:

MODRALL SPERLING ROEHL HARRIS
  & SISK, P.A.

By: */s/ Tomas J. Garcia*
    Megan T. Muirhead
    Tomas J. Garcia
    500 Fourth Street NW, Suite 1000
    Albuquerque, New Mexico  87102
    Telephone: 505-848-1800
    megan.muirhead@modrall.com
    tomas.garcia@modrall.com
    *Attorneys for Defendant*


JACKSON LAW, LLC

By: */s/ approved by e-mail on 8/22/2018*
    Wesley C. Jackson
    1121 4th Street NW, Suite 1A
    Albuquerque, NM 87102
    Telephone:  (505) 881-7676
    wes@legalactionnm.com

and

GARRET LAW
Aaron Garrett
6739 Academy Rd NE #350
Albuquerque, NM 87109
Telephone: (505) 242-1920
aaron.garrett@gmail.com

*Attorneys for Plaintiff*